Bartley, J.
The court of common pleas clearly erred in ruling that, under the circumstances and conditions stated in *the first request of defendants, no title would be transmitted from Baldwin and wife to the bank of any portion of the lands in the deed described. The deed was delivered by Baldwin and wife to the bank, through its authorized agent, who acknowledged the receipt of it. The condition affixed by the stipulation of the cashier did not affect the delivery of the deed, but applied only to the application of the land in satisfaction of the bond. The delivery of a deed by a grantor, and the reception of the same by the grantee, as such, eo instanti, passes the title to the grantee, so far as the grantor is capable of conveying it. It has been held that the delivery of a déed as an escrow must be to a third person ; for if the grantor delivers a deed to the grantee himself, to whom it is made as an escrow upon .certain conditions, the delivery is absolute, and *128 tho deed will become operative immediately. Shep. Touch. 59; Moore, 642 ; Co. Litt. 36, a; 9 Rep. 137, a; Hob. 246.
Baldwin did not make Handy his agent, to hold the deed as an escrow for the bank; on tho contrary, he delivered the deed to Handy as the grantee, he being the representative of the bank. When a deed is delivered as an escrow, it is the grantor who proscribes the terms on which it shall pass to the grantee, and become operative as a deed. But here the delivery by Baldwin, the grantor, was absolute, and the condition was prescribed by Handy on behalf of the bank, and with express reference only to the application of the land in satisfaction of the bond. .
The first important step to be taken by the defendants to maintain their special plea, was to show the execution and delivery of the deed conveying the lands mentioned to the bank. And although Baldwin and wife, not having legal title to a small portion of the lands, conveyed only that part of which they were seized, yet the bank receiving the deed with covenants of warranty and seizin, may have so acted and treated the deed as to be estopped from denying that it was received in satisfaction of the bond. While the pleadings were not, perhaps, such as to allow the defendants to set up waiver of strict performance on their part, yet facts and circumstances in the conduct of the bank, which would amount to an estoppel to the bank from denying the satisfaction of the bond, might well have been insisted upon under the plea. And inasmuch as the bill of exceptions does not profess to contain all the evidence, this court can not undertake to say that the defendants were not prejudiced by such erroneous .ruling by the court.
Other errors are assigned for the reversal of the judgment, but the court do not deem it necessary to take time to consider them here.

Judgment reversed.